UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LEON TERRY,

Plaintiff,

-against-

AMAURY GUZMAN, Inmate at MDC
Brooklyn; MDC BROOKLYN,

Defendants.

26-CV-0718 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is detained at MDC Brooklyn in Brooklyn, New York, brings this action

*pro se*. He asserts claims arising from an incident on December 4, 2025, in which he alleges that

he was assaulted in his cell at MDC Brooklyn and seriously injured. For the following reasons,

the Court transfers this action to the United States District Court for the Eastern District of New

York.

### DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For purposes of venue, a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that he was assaulted at MDC Brooklyn, which is in Kings County. Kings County is within the Eastern District of New York. 28 U.S.C. § 112(c). Venue thus does not lie in this district under Section 1391(b)(2), based on the location where the events giving rise to the claims occurred. It is unclear if venue lies in this district under Section 1391(b)(1), based on the residence of all Defendants, as there are no facts in the complaint about where individual Defendant Amaury Guzman resides. Venue is proper, under Section 1391(b)(2), in the Eastern District of New York, where Plaintiff's claims arose.

Accordingly, in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. §§ 1404(a), 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 28, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2