UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

**DAVID LEON TERRY**,

                     Plaintiff,

              – against –

**AMAURY GUZMAN**, Inmate at MDC;
**MDC BROOKLYN**, Metropolitan Detention
Center,

                Defendants.

--------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

26-CV-1000 (AMD) (JAM)

**ANN M. DONNELLY,** United States District Judge:

The *pro se* plaintiff, a pre-trial detainee currently incarcerated at the Metropolitan Detention Center ("MDC"), brought this action against another MDC inmate, Amaury Guzman, and the MDC, for injuries he suffered when Guzman attacked him in his cell. (ECF No. 1.) As explained below, the plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted, and the complaint is dismissed with leave to file an amended complaint within thirty days.

### BACKGROUND

On December 4, 2025 at 7:05 a.m., the plaintiff was sleeping in his cell when Guzman and others — whom the plaintiff alleges are gang members — came into the plaintiff's cell and demanded food and clothing. (ECF No. 1 at 4.) When the plaintiff refused, they attacked him and cut his neck and wrist. (*Id*.) The plaintiff suffered nerve damage, and could have died. (*Id.* at 5.)

On January 27, 2026, the plaintiff brought this action in the United States District Court for the Southern District of New York, seeking $50 million in damages. (ECF No. 1.) The case

was transferred to this Court on January 28, 2026.  (*Id.*)  The plaintiff does not provide a basis for a federal cause of action, so the Court liberally construes the complaint to raise claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

Under Federal Rule of Civil Procedure 8, the plaintiff must allege sufficient facts so that each defendant has "a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery."  *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)).  A complaint that "tenders naked assertions devoid of further factual enhancement" does not state a claim.  *Iqbal*, 556 U.S. at 678 (citation modified); *see also id.* (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Because the plaintiff is proceeding *pro se*, the Court evaluates his complaint by less stringent standards than pleadings drafted by attorneys and interprets it to raise the strongest arguments it suggests.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).  However, when an incarcerated person

2

makes a civil complaint against a governmental entity or its agents, the Prison Litigation Reform Act requires the district court to screen the complaint, and to dismiss it if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Furthermore, a court must dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I.   *Bivens*

"A plaintiff bringing a claim under *Bivens* must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). "The causes of action that may be pursued under *Bivens* are limited." *Selvam v. United States*, 570 F. Supp. 3d 29, 43 (E.D.N.Y. 2021), *aff'd*, No. 21-CV-2513, 2022 WL 6589550 (2d Cir. Oct. 11, 2022). "In *Bivens* itself, the Supreme Court recognized an implied damages action against federal narcotics officers for a Fourth Amendment violation arising from a warrantless arrest of a man in his own home." *Id.* (citing *Bivens*, 403 U.S. at 389). The Supreme Court later recognized two additional *Bivens* actions: "an implied action against members of Congress under the Fifth Amendment for employment discrimination on the basis of sex," *id.* (citing *Davis v. Passman*, 442 U.S. 228, 249–50 (1979)), and "an implied damages action against federal prison officials for an Eighth Amendment violation arising from the denial of medical care to a prisoner resulting in death," *id.* (citing *Carlson v. Green*, 446 U.S. 14, 16 (1980)). "Since then, the Supreme Court has 'recognized that Congress is best positioned to evaluate whether, and the extent to which, monetary and other liabilities should be imposed upon individual officers and employees of the Federal Government based on

3

constitutional torts.'"  *Id.* (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020)).  Thus, claims that do not fall within these recognized categories are generally not cognizable under *Bivens*.  *See Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) ("[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity."); *Edwards v. Gizzi*, 107 F.4th 81, 89–91 (2d Cir. 2024) (Parker J., dissenting) (acknowledging that courts in the Second Circuit "refrain from expanding the *Bivens* line of cases" because "the Supreme Court continues to express serious doubts about *Bivens*' future").  The plaintiff's claim does not fall within any of the three limited *Bivens* categories.

In any event, the plaintiff cannot bring a *Bivens* claim against Guzman because Guzman is a private individual; a plaintiff can bring a *Bivens* claim only against federal officials in their individual capacities.  *See Thomas*, 470 F.3d at 496.  Nor can the plaintiff bring a *Bivens* claim against the MDC because it is a federal agency.  An action against a federal agency is an action against the United States, which is barred by the doctrine of sovereign immunity.  *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."); *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 486 (1994) (*Bivens* does not imply a cause of action against the federal government or its agencies).  Accordingly, the plaintiff's *Bivens* claims are dismissed.

## II.    FTCA

The FTCA "constitutes a limited waiver by the United States of its sovereign immunity and allows for a tort suit against the United States under specified circumstances."  *Liranzo v. United States*, 690 F.3d 78, 85 (2d Cir. 2012) (citation omitted).  "The FTCA requires that a

4

claimant exhaust all administrative remedies before filing a complaint in federal district court."

*Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). "For a

federal prisoner . . . to exhaust a claim involving prison conditions, he must file the requisite

claim on Form SF-95 with the BOP's regional office within two years of the accrual of the claim,

. . . and, if his claim is denied, appeal to the BOP General Counsel's Office." *Kaid v. Tatum*, No.

20-CV-3643, 2024 WL 946949, at *15 (S.D.N.Y. Jan. 24, 2024) (citing 28 U.S.C. §§ 2401(b),

2675(a)). "If the agency denies the claim within six months after it is filed, the claimant must

then initiate an FTCA action in a district court (or seek reconsideration from the agency) within

six months of the notice of denial of the claim." *Id.* (citation omitted). The plaintiff does not say

that he exhausted his administrative remedies, so his FTCA claim must be dismissed.

### III.    Leave to Amend

If a "liberal reading of the complaint gives any indication that a valid claim might be

stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v.*

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted); *see also Shomo v. City of New*

*York*, 579 F.3d 176, 183 (2d Cir. 2009). Thus, the Court grants the plaintiff leave to amend his

complaint within 30 days of the date of this Order to name proper defendants or specify the

federal causes of action he wants to bring.

If the plaintiff chooses to file an amended complaint, he must name the defendant or

defendants in the caption. In the complaint, he must identify the individuals who deprived him

of his federal rights. If the plaintiff intends to bring claims against individual correction officers

and does not know the officer's name of any such officer, he may refer to the officer as "John

Doe" or "Jane Doe" in the caption and the body of the amended complaint. In the "Statement of

Claim" section of the amended complaint, the plaintiff must give a short and plain statement of

the relevant facts supporting each claim against each defendant.  The plaintiff should include all

the information in the amended complaint that he wants the Court to consider in deciding

whether the amended complaint states a claim for relief.  The amended complaint will

completely replace the original complaint, so the plaintiff should include in the amended

complaint all the facts from the original complaint that he wants the Court to consider.

### CONCLUSION

Accordingly, the plaintiff's complaint, filed *in forma pauperis*, is dismissed.  *See* 28 U.S.C.

§§ 1915A(b) and 1915(e)(2)(B).  If the plaintiff does not amend his complaint within 30 days or

show good cause for an extension of time, the Clerk of Court is respectfully directed to enter

judgment and close this case.

The Clerk of Court is respectfully requested to send a copy of this Order to the plaintiff,

along with a prisoner's civil rights complaint form, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


**SO ORDERED.**


s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      February 26, 2026